IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHAD FRENCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) ZURICH AMERICAN INSURANCE )<br>CO., a foreign for-profit corporation, a.k.a. )<br>ZURICH, )<br>)<br>Defendant. ) | Case No.  15-CV-394-KEW<br><br>Removed from District Court of<br>McIntosh County,<br>Case No. CJ-15-103 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant, Zurich American Insurance Company ("Zurich"), hereby removes the above-captioned action pending in the District Court of McIntosh County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.  The grounds for removal are as follows:

1. The Plaintiff, Chad French ("Plaintiff"), commenced this action, entitled *Chad French, Plaintiff, v. Zurich American Insurance Company, Defendant*, Case No. CJ-15-103, by filing a Petition in the District Court of McIntosh County, Oklahoma, on September 14, 2015.

2. The Petition purports to state claims against Zurich for breach of an insurance contract and bad-faith handling of an insurance claim.

3. Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, Zurich has attached a copy of all documents filed or served in the case, including all process, pleadings, and orders, as well as a copy of the docket sheet of the case.  (See **Exhibits 1 through 4**).

4. Pursuant to 28 U.S.C. § 1446(d), Zurich will give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of said notice with the Clerk of the McIntosh County District Court.

5. This case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, because the procedural requirements for removal have been satisfied, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6. On behalf of Zurich, the Oklahoma Insurance Department received the Summons and Petition on September 18, 2015, and the Corporation Service Company received the same on September 21, 2015. (See documents sent to and by the Insurance Commissioner, attached as **Exhibit 5**). Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of service.

7. Under 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Eastern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of McIntosh County, Oklahoma, where the action is pending. *See* 28 U.S.C. § 116(b).

8. This Court has original jurisdiction over this action under the diversity-of-citizenship provision contained in 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This action, therefore, may be removed to this Court by Zurich pursuant to 28 U.S.C. § 1441(a).

9. The Petition alleges that the Plaintiff, Chad French, is a citizen of the State of Oklahoma and a resident of McIntosh County. (See **Exhibit 3** at ¶ 1).

10. The Petition further alleges that Zurich is a foreign for-profit corporation authorized to do business in the State of Oklahoma. (See **Exhibit 3** at ¶ 2). Zurich admits same and further states that it is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in Oklahoma.

11. Plaintiff does not state in the Petition that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, nor does Plaintiff specify in the Petition the amount of such damages sought to be recovered. As such, Plaintiff's Petition fails to comply with Okla. Stat. tit. 12, § 2008(A)(2), which states as follows:

> 2. A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered. Relief in the alternative or of several different types may be demanded.

12. Despite Plaintiff's failure to comply with Okla. Stat. tit. 12, § 2008(A)(2), set forth above, Plaintiff "cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th

Cir. 2008). "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

13. "[I]n the absence of an explicit demand for more than $75,000, the defendant[ ] must show how much is in controversy through other means." *Id.* A defendant may rely on an estimate of the potential damages from the allegations in the complaint, even where the face of the complaint does not specify the numerical value of the damage claim, if the facts and theories of recovery may support a claim in excess of $75,000. *Id.* at 955-56. Attorney fees and punitive damages may both be included in the amount in controversy where authorized by state law. *See, e.g., Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (attorney fees includable); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

14. Additionally, "beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy." *McPhail*, 529 F.3d at 956. "For example, where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal." *Id.*

15. In addition, a defendant may use a plaintiff's proposed settlement amount, because "documents that demonstrate plaintiff's own estimation of its claim

are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.*

16. A defendant seeking removal need only "establish the jurisdictional amount by a preponderance of the evidence," meaning it must prove "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play." *Id.* at 955. "It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *Id.* "Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id.*

17. Despite Plaintiff's failure in the instant case to comply with the pleading requirements of Oklahoma law, it is apparent that the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs, for purposes of diversity jurisdiction. Plaintiff does not set forth specific facts in the Petition regarding the underlying incident out of which this lawsuit arises; however, documents sent by Plaintiff to Zurich prior to filing this lawsuit set forth Plaintiff's version of the facts and Plaintiff's estimate of his insurance claim. Prior to filing suit, Plaintiff demanded payment in the amount of $3,250,000 (or the applicable policy limit for uninsured/underinsured motorist coverage) for damages he allegedly sustained as a result of an alleged high-speed automobile accident that occurred on January 28, 2014 on Interstate 40. (See correspondence from Plaintiff's counsel to Zurich dated July

22, 2015, attached as <u>Exhibit 6</u>; correspondence from Plaintiff's counsel to Zurich dated Mar. 21, 2014, attached as <u>Exhibit 9</u>, inquiring about the limit for uninsured/underinsured motorist coverage).  The insurance policy under which Plaintiff is claiming benefits is policy number TRK 9471299-03, issued to Crandell Salvage, Inc. by Zurich, effective from May 13, 2013 to May 13, 2014, and it has a $500,000 policy limit for Oklahoma uninsured/underinsured motorists coverage.  (See correspondence from Zurich to Plaintiff's counsel dated May 6, 2014, attached as <u>Exhibit 7</u>; Oklahoma Uninsured Motorists Coverage endorsement for policy no. TRK 9471299-03, attached as <u>Exhibit 8</u>).

18.    In addition to Plaintiff's estimate of his insurance claim prior to filing suit, Plaintiff is now seeking compensatory damages for Zurich's alleged breach of contract and alleged bad faith, as well as attorney fees and punitive damages.[1]

19.    Plaintiff's assertions regarding damages demonstrate that the amount-in-controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

20.    Zurich reserves the right to amend or supplement this Notice of Removal.

21.    Zurich reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

---

[1] Under Oklahoma law, punitive damages are recoverable in bad-faith actions. *See* Okla. Stat. tit. 23, § 9.1.  And, although Plaintiff has not specified the law under which he seeks attorney fees, pursuant to Okla. Stat. tit. 12, § 2011(B), his attorney has certified, by signing the Petition, that the contention is warranted by existing law or by a non-frivolous argument for the modification of existing law.

WHEREFORE, Zurich removes this action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

DATED this 7th day of October 2015.

                Respectfully submitted,

                PERRINE, REDEMANN, BERRY,
                TAYLOR & SLOAN, P.L.L.C.

                *s/Reagan Madison Fort*
                William D. Perrine, OBA No. 11955
                Reagan Madison Fort, OBA No. 20761
                P.O. Box 1710
                Tulsa, Oklahoma 74101
                Telephone:   918-382-1400
                Facsimile:    918-382-1499
                wperrine@pmrlaw.net
                rmadison@pmrlaw.net
                *Counsel for Defendant, Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Richard O. Moore, OBA No. 20141
Moore Law Firm, PLLC
8508 E. 24th Pl.
Tulsa, OK 74129
918-699-0024 (PH)
918-699-0026 (FX)
*Counsel for Plaintiff*

Additionally, I hereby certify that on the 7th day of October 2015, a true and correct copy of the above and foregoing document was sent, by U.S. Postal Service, to the following:

Richard O. Moore, OBA No. 20141
Moore Law Firm, PLLC
8508 E. 24th Pl.
Tulsa, OK 74129
918-699-0024 (PH)
918-699-0026 (FX)
*Counsel for Plaintiff*

*s/Reagan Madison Fort*
Reagan Madison Fort